Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| MARIEL TORRES LARA<br><br>Recurrente<br><br>v.<br><br>PUERTO RICO BACKGROUND CHECK PROGRAM<br><br>Recurrida | TA2025RA00391 | REVISIÓN JUDICIAL procedente del Departamento de Salud<br><br>Certificación núm.: 223149 |
|---|---|---|

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 12 de diciembre de 2025.

Comparece ante este tribunal apelativo, la Sra. Mariel Torres Lara (señora Torres Lara o recurrente) mediante el recurso de revisión judicial de epígrafe solicitándonos que revoquemos la *Determinación Final* emitida por el Programa de Puerto Rico Background Check (PPRBC), adscrito al Departamento de Salud de Puerto Rico (Departamento), el 13 de noviembre de 2025. Mediante este dictamen, el PPRBC confirmó lo resuelto en el Certificado núm. 223149 en el que se estableció que la señora Torres Lara no cumple con las disposiciones estatuidas en la Ley núm. 300-1999, conocida como la *Ley de Verificación de Credenciales e Historial Delictivo de Proveedores a Niños, Personas con Impedimentos y Profesionales de la Salud*, 8 LPRA sec. 481, *et seq.*, (Ley núm. 300-1999).

Por los fundamentos que expondremos a continuación, procedemos desestimar el recurso ante la falta de jurisdicción.

### I.

La señora Torres Lara, maestra de profesión, solicitó ante el PPRBC la certificación de la Ley núm. 300-1999, conforme se exige en el Artículo 7 del estatuto, 8 LPRA sec. 482c, y en el Artículo VIII

del Reglamento Núm. 9030 promulgado por el Departamento el 29 de mayo de 2018 conocido como el *Reglamento del Sistema Integrado de Credenciales e Historial Delictivo del Departamento de Salud* (Reglamento Núm. 9030). Esto, con el fin de continuar su labor de maestra. El 20 de octubre de 2025, la recurrente recibió la Certificación Núm. 223149, que expresa que no cumple con las disposiciones de la Ley núm. 300-1999. Como consecuencia de la determinación contenida en la Certificación Núm. 223149, el patrono dejó sin efecto su contrato de empleo.

El 29 de octubre de 2025, la recurrente presentó, por derecho propio, un escrito intitulado *Revisión Administrativa* ante el PPRBC en el que recurre de la determinación de la Certificación Núm. 223149. Ello, al amparo de lo establecido en el Artículo XIV del Reglamento Núm. 9030. En su escrito, en esencia, la recurrente arguyó que la certificación **no le informó sobre sus derechos a revisión**, ni se esbozó cuáles eran los hechos constitutivos del delito, ni las correspondientes determinaciones de derecho por el que se certificaba su alegado incumplimiento con la Ley núm. 300-1999. A su vez, argumentó que esto no le permitía una defensa justa tras desconocer los hechos y el derecho en el que se basa la determinación. Añadió que solo conocía lo que una empleada le dijo verbalmente cuando fue a buscar más información a las oficinas del Departamento.

Además, en dicho escrito, la recurrente expresó que la referida empleada del Departamento le notificó que la determinación se basaba en una convicción por "trespassing" ante el Tribunal Federal por su participación en el 2002 en la desobediencia civil en contra de la Marina de los Estados Unidos en el municipio de Vieques, delito no incluido en la lista taxativa de la Ley núm. 300-1999. De manera que, el Departamento ni siquiera determina cuál de los delitos enumerados en la lista se le atribuye a la recurrente; por lo

que, a su entender, solo podía presumir que la agencia pretendía resolver incorrectamente por analogía que el delito de "trespassing", con elementos particulares sobre la invasión de una base militar, equivalía al de violación de morada.

Asimismo, la señora Torres Lara manifestó que los delitos esbozados en el Artículo 4 de la Ley núm. 300-1999 van dirigidos a la comisión de actos de violencia o depravación moral con relación a las poblaciones a las que brindan servicio, condición con la que tampoco se cumplía para determinar en su contra. Por lo que, solicitó se revocara la certificación negativa y, en remedio, se expidiera una nueva certificación estableciendo su cumplimiento con la antedicha ley.

Transcurrido en exceso el término que poseía la agencia para resolver, el 20 de noviembre de 2025, la señora Torres Lara se personó en las oficinas del Departamento para solicitar información del estado de su solicitud de revisión. Ese día, según expone la recurrente, se le hizo entrega de una copia de la decisión final sobre el recurso de revisión emitida por el PPRBC el 13 de noviembre del mismo año. **Dicha determinación no fue enviada ni por correo postal u ordinario, ni correo electrónico**.

Mediante esta, el Departamento resolvió que, en efecto, la causa de la determinación era su convicción en la esfera federal por el delito de "trespassing". De manera que, según establece la determinación, "no se encontró evidencia de error" que motivara la emisión de una resolución diferente.

Todavía en desacuerdo, la señora Torres Lara acude ante este foro intermedio, mediante el recurso de revisión judicial de epígrafe, imputándole al Departamento haber incurrido en los siguientes errores:

> ERRÓ EL DEPARTAMENTO DE SALUD AL EMITIR EL CERTIFICADO NO. 223149, QUE CERTIFICA QUE LA RECURRENTE "NO CUMPLE CON LAS

DISPOSICIONES DE LA LEY NÚM. 300 DE 2 DE SEPTIEMBRE DE 1999, SEGÚN ENMENDADA, Y CON EL REGLAMENTO DEL DEPARTAMENTO DE SALUD NÚMERO 9030 DEL 29 DE MAYO DE 2018", SIN JUSTIFICACIÓN DE HECHO NI DE DERECHO PARA TAL DETERMINACIÓN, AFECTANDO SU EMPLEO Y EL EJERCICIO DE SU PROFESIÓN, VIOLENTANDO ASÍ SU DERECHO CONSTITUCIONAL A LA LIBERTAD Y A LA PROPIEDAD SIN EL DEBIDO PROCESO DE LEY PROTEGIDO POR LA SEC. 7, ART. II DE LA CONSTITUCIÓN DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y POR LAS ENMIENDAS 5 Y 14 DE LA CONSTITUCIÓN DE LOS ESTADOS UNIDOS.

ERRÓ EL DEPARTAMENTO DE SALUD AL EMITIR LA CERTIFICACIÓN NO. 223149, SOBRE RESULTADOS DE ANÁLISIS DE VERIFICACIÓN DE CREDENCIAL E HISTORIAL DELICTIVO, AL CERTIFICAR QUE LA RECURRENTE NO CUMPLE CON LOS REQUISITOS DE LA LEY 300 SIN INCLUIR EL DELITO ESPECÍFICO Y LA BASE DE DATOS EN QUE SURGIÓ EL DELITO, NI APERCIBIR A LA RECURRENTE DE SU DERECHO A APELAR LA CERTIFICACIÓN, INCUMPLIENDO ASÍ CON LA NOTIFICACIÓN ADECUADA, E INCUMPLIENDO CON SU PROPIO REGLAMENTO NÚM. 9030, SUPRA. DICHA OMISIÓN ES UNA VIOLACIÓN AL DERECHO AL DEBIDO PROCESO DE LEY QUE AMPARA A LA RECURRENTE.

ERRÓ EL DEPARTAMENTO DE SALUD AL NO NOTIFICAR SU DETERMINACIÓN FINAL SOBRE LA REVISIÓN ADMINISTRATIVA PRESENTADA POR LA RECURRENTE EN QUE APELA LA CERTIFICACIÓN NO. 223149, POR LOS MEDIOS Y EN EL TÉRMINO DISPUESTO EN EL ART. XIV DEL REGLAMENTO NÚM. 9030. DICHA DISPOSICIÓN DEL REGLAMENTO ESTABLECE EL TÉRMINO 20 DÍAS DESDE LA PRESENTACIÓN DEL ESCRITO DE APELACIÓN PARA TOMAR LA DECISIÓN Y NOTIFICAR MEDIANTE CORREO CERTIFICADO Y CORREO ELECTRÓNICO. DICHA OMISIÓN ES UNA VIOLACION AL DERECHO AL DEBIDO PROCESO DE LEY QUE AMPARA A LA RECURRENTE.

ERRÓ EL DEPARTAMENTO DE SALUD EN SU DETERMINACIÓN FINAL DEL 13 DE NOVIEMBRE DE 2025, SOBRE LA APELACIÓN DE LA RECURRENTE DE LA CERTIFICACIÓN NO. 223149, AL CONCLUIR QUE MARIEL TORRES LARA NO CUMPLE CON LA LEY NÚM. 300-1999, POR LA CONVICCIÓN POR TRESPASSING EN EL TRIBUNAL FEDERAL, CUANDO DICHO DELITO NO ESTÁ EN LA LISTA TAXATIVA DE DELITOS ENUMERADOS EN EL ART. 4 DE LA LEY 300-1999. RESULTA ASÍ DICHA DETERMINACIÓN FINAL UNA ARBITRARIA Y CAPRICHOSA, POR NO ESTAR FUNDAMENTADA EN DERECHO, ULTRA VIRES POR SER UNA DETERMINACIÓN QUE ACTÚA MÁS ALLÁ DE LA DELEGACIÓN DE PODERES QUE LE CONFIRIÓ LA LEGISLATURA, Y POR AFECTAR SIN EL DEBIDO PROCESO DE LEY LOS DERECHOS CONSTITUCIONALES DE LIBERTAD Y PROPIEDAD DE LA RECURRENTE SOBRE EL EJERCICIO DE SU PROFESIÓN.

Examinado el recurso y el expediente apelativo, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

## II.

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Públicos*, supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

De otro lado, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal antes de que el asunto esté listo para su adjudicación. De tal forma, un recurso prematuro, al igual que uno

tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.,* 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra,* 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.,* 153 DPR 357, 366 (2001).

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83, *supra,* a la pág. 115, lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> (...)
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

De otra parte, la Sección 3.14 de la Ley núm. 38-2017 conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), según enmendada, 3 LPRA sec. 9654, establece sobre las órdenes o resoluciones finales lo siguiente:

> Una orden o resolución final deberá ser emitida por escrito dentro de noventa (90) días después de concluida la vista o después de la presentación de las propuestas determinaciones de hechos y conclusiones de derecho, a menos que este término sea renunciado o ampliado con el consentimiento escrito de todas las partes o por causa justificada.
> **La orden o resolución deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso.** La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley.
> **La orden o resolución advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión como cuestión de**

> **derecho en el Tribunal de Apelaciones,** así como las partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes. **Cumplido este requisito comenzarán a correr dichos términos.**
>
> La agencia deberá especificar en la certificación de sus órdenes o resoluciones los nombres y direcciones de las personas naturales o jurídicas a quienes, en calidad de partes, les fue notificado el dictamen, a los fines de que estas puedan ejercer efectivamente el derecho a la revisión judicial conferido por ley.
>
> La agencia deberá **notificar con copia simple por correo ordinario o electrónico a las partes**, y a sus abogados de tenerlos, la orden o resolución a la brevedad posible, y deberá archivar en autos copia de la orden o resolución final y de la constancia de la notificación. Una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma. (Énfasis nuestro)

De otro lado, la Regla 57 del Reglamento del Tribunal de Apelaciones, *supra*, a la pág. 79, establece un **término jurisdiccional de treinta (30) días para presentar un recurso de revisión judicial, contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia**.

Ahora bien, el requisito de notificación, como parte del debido proceso de ley, es indispensable para que nuestros tribunales puedan comenzar a contar el término para recurrir la determinación y adquirir jurisdicción. De manera que, se requiere que la notificación de las órdenes, resoluciones y sentencias **sea de forma adecuada y conforme a derecho.** *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 250 (2016). Ello es así, ya que la falta de una notificación adecuada de cualquier resolución, orden o sentencia afecta el derecho de una parte a recurrir la resolución, orden o sentencia dictada, **enervando así las garantías del debido proceso de ley**. *Caro v. Cardona*, 158 DPR 592, 599 (2003); *Falcón Padilla v Maldonado Quirós*, 138 DPR 983, 990 (1995).

Así, **una notificación de una determinación por una agencia deberá advertir el derecho a todas las partes** a solicitar reconsideración ante la agencia, o a instar un recurso de revisión

judicial ante el Tribunal de Apelaciones, con expresión de los términos jurisdiccionales que tienen las partes para ejercer dicho derecho. *Comisión Ciudadanos v. GP Real Property,* 173 DPR 998, 1014 (2008).

Asimismo, sobre la apelación de los resultados informados por el PPRBC, el Reglamento Núm. 9030, en su Artículo XIV, dispone que:

> Cualquier persona que desee solicitar una revisión administrativa sobre el Certificado expedido por el Puerto Rico Background Check Program, podrá presentar su apelación por escrito ante dicho programa dentro del término de veinte (20) días, contados a partir de la fecha de notificación de dicho Certificado. En la solicitud de revisión se hará constar específicamente los fundamentos en los cuales se basa la solicitud y se presentará la evidencia correspondiente. La presentación de una solicitud de revisión no afectará la validez o vigencia del Certificado emitido a menos que medie una orden especial del Departamento de Salud.
>
> El programa Puerto Rico Background Check revisará las alegaciones presentadas por el candidato o proveedor en su solicitud y **emitirá su determinación en un término no mayor de veinte (20) días. El programa Puerto Rico Background Check notificará <u>al candidato o proveedor su determinación mediante correo certificado y correo electrónico</u>. Dicha notificación deberá expresar brevemente los fundamentos de la determinación tomada** y apercibirá al candidato o proveedor de su derecho a solicitar la revisión de la misma ante la Oficina de Asesores **Legales del Departamento de Salud dentro del término de veinte (20) días a partir del recibo de la notificación.**
>
> La parte interesada **en solicitar la revisión de la determinación final del programa Background Check, deberá, dentro del término de veinte (20) días desde la notificación de la misma, presentar una moción de reconsideración ante la Oficina de Asesores Legales del Departamento de Salud,** ubicada en el Edificio A, Antiguo Hospital Psiquiátrico, Terrenos de Centro Médico, Río Piedras, San Juan, Puerto Rico.
>
> **El Departamento de Salud deberá considerar la moción dentro de los quince (15) días de haberse presentado la misma. Si la rechazare de plano o no actuare dentro de los quince (15) días, <u>el término para solicitar revisión judicial comenzará</u> a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. <u>Si se tomare alguna determinación en su consideración, el término para solicitar revisión judicial empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución del Departamento resolviendo definitivamente la moción de</u>**

**reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración.**

**Si el Departamento acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que el Departamento, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales**. Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. La solicitud de Revisión Judicial no afectará la efectividad de la orden del Secretario o su representante autorizado a menos que el Tribunal decida lo contrario. Será obligación de la parte que solicite revisión judicial, notificar con copia de dicho escrito a la Oficina de Asesores Legales del Departamento de Salud y al Procurador General.

… (Énfasis y subrayado nuestro)

### III.

Conforme con los pronunciamientos antes vertidos, nos corresponde, en primera instancia, previo a entrar a considerar los méritos del recurso, atender el asunto relativo a la jurisdicción debido a que el mismo debe ser resuelto con preferencia a cualquiera otra cuestión. En especial, al ser argumentado o solicitado por la recurrente.[1]

Del trámite procesal antes indicado, surge que la determinación final de la agencia le fue entregada de manera personal a la señora Torres Lara, incumpliéndose con lo dispuesto diáfanamente en la Sección 3.14 de la LPAUG y en el Artículo XIV Reglamento Núm. 9030 los que mandatan expresamente que la agencia enviará la notificación final **mediante correo certificado u ordinario o correo electrónico.**

---

[1] Véase, *Shell v. Srio. Hacienda*, 187 DPR 109 (2012); *Cordero et al. v. ARPe et al.*, 187 DPR 445, 457 (2012); y *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1 (2011).

Más importante aún, la determinación incumple crasamente con informar a la recurrente sobre las advertencias de su derecho a recurrir ante este Tribunal de Apelaciones especificando el término jurisdiccional de treinta días (30) que se tiene para ello. Esto, en contravención a la Sección 3.14 de la LPAUG, *supra*, y al Artículo XIV Reglamento Núm. 9030.

Al respecto, el dictamen no incluye el lenguaje que requiere la Sección 3.14 de la LPAUG, *supra*, respecto al apercibimiento sobre el derecho de solicitar la reconsideración ante la agencia **o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones**. Es decir, no se le orientó adecuadamente que puede recurrir en alzada ante esta *Curia* sin tener que someter la reconsideración ante el foro administrativo. Enfatizamos que esta disposición legal preceptúa, además, que solamente si se hace expresión de los términos correspondientes estos comenzarán a decursar.

Es un principio reiterado que una notificación defectuosa impide que comience a transcurrir el término para recurrir de cualquier determinación final, ya sea judicial o administrativa. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 502 (2019).

Así pues, la falta de una notificación adecuada afecta el derecho de la parte que no está conforme y desea cuestionar el dictamen y, por ende, debilita el debido proceso de ley. *Río Const. Corp. v. Mun. de Caguas*, 155 DPR 394, 405-406 (2001). Al respecto, la más alta *Curia* en *Torres Alvarado v. Madera Atiles*, supra, dictaminó que:

> [U]na notificación defectuosa puede conllevar graves consecuencias, demoras e impedimentos en el proceso judicial, así como crear un ambiente de incertidumbre sobre cuándo comienza a transcurrir el término para acudir a un tribunal de mayor jerarquía para revisar el dictamen recurrido. *Íd.*, pág. 502.

Entiéndase que la correcta y oportuna notificación de una decisión final, sea judicial o administrativa, es un requisito *sine qua non* del debido proceso de ley. De lo contrario, se crea incertidumbre sobre cuándo comienzan los términos para incoar los remedios post dictamen, entre otras graves consecuencias y demoras. *Dávila Pollock et al v. R. F. Mortgage*, 182 DPR 86, 94 (2011). Hasta que no se notifique adecuadamente la orden o resolución final, la misma no surtirá efecto y los distintos términos para solicitar los mecanismos procesales posteriores o la revisión judicial del dictamen que de ella nacen no comienzan a transcurrir. *Maldonado v. Junta de Planificación*, 171 DPR 46, 58 (2007).

Asimismo, como mencionamos, un recurso prematuro es aquel presentado en la secretaría de un tribunal antes de que el asunto esté listo para su adjudicación y por ello, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. Por otra parte, este tribunal no puede conservar o retener un recurso que es prematuro, con el propósito de luego activarlo cuando esté maduro. *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Así pues, precisa advertir que no tenemos discreción para asumir jurisdicción donde no la hay. Debido a que la falta de jurisdicción no puede ser subsanada, ni el tribunal puede arrogársela de esta no existir, solo nos resta desestimar la acción ante nuestra consideración. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

En virtud de la normativa antes expuesta, y como indicamos, la comunicación recurrida que informó la determinación final que resuelve la apelación instada por la señora Torres Lara ante el Departamento incumple crasamente con requisitos sustantivos para constituir una notificación adecuada en derecho. Reiteramos que la misma no fue enviada por correo postal ni correo electrónico, lo que

contraviene lo establecido en la LPAUG y el Reglamento Núm. 9030. De igual manera, y conforme explicamos, la determinación carece de las advertencias claras y precisas del término jurisdiccional que tiene la parte perjudicada para presentar el recurso de revisión judicial ante este tribunal intermedio según se mandata en las disposiciones de la LPAUG y el Reglamento Núm. 9030, antes citadas y extensamente discutidas.

Así pues, recalcamos que una notificación defectuosa impide que esta *Curia* adjudique la decisión administrativa recurrida, toda vez que el término jurisdiccional de revisión no ha comenzado a cursar. Es decir, el recurso apelativo resulta prematuro y como foro revisor carecemos de jurisdicción para atenderlo.

En consecuencia, el Departamento deberá notificar a la recurrente, a la brevedad posible, nuevamente la determinación final del PPRBC resolviendo la apelación conforme a derecho, es decir, en la forma estatuida y con todas las advertencias exigidas por el ordenamiento jurídico.

**IV.**

Por los fundamentos antes expuestos, desestimamos el recurso por falta de jurisdicción ante su presentación prematura.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones